JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Francine Warren and Randolph Waddy, III as Co-Administrators Ad Prosequendum and Co-General Administrators of the Estate of Randolph Waddy, IV,

**(b)** County of Residence of First Listed Plaintiff   Passaic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Fisher, Byriaisen & Kreizer, PLLA
291 Broadway, Suite 709
New York, NY 10007; Email: Kreizer@FBKLegal.com;Tel: 212-962-0848

### DEFENDANTS
City of Paterson, Paterson Police Department, Paterson Office of Emergency Management, Paterson Auxiliary Police, Director of the Paterson Office of Emergency Management Glenn Brown, et al.

County of Residence of First Listed Defendant   Passaic
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | Injury | ☐ 380 Other Personal Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983, 1985; 1988
Brief description of cause:
Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
30,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE   Unkown                  DOCKET NUMBER   Unknown

DATE
03/29/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FISHER, BYRIALSEN & KREIZER, PLLC**
291 Broadway, Suite 709
New York, NY 10007
(212) 962-0848

**BRANDON J. BRODERICK, ESQ., LLC**
11 Atlantic Street
Hackensack, NJ 07601
Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCINE WARREN and RANDOLPH WADDY, III AS CO-ADMINISTRATORS AD PROSEQUENDUM AND CO-GENERAL ADMINISTRATORS OF THE ESTATE OF RANDOLPH WADDY, IV, | **COMPLAINT and JURY DEMAND** |
| | **CIVIL ACTION** |
| Plaintiffs, | |
| v. | |
| CITY OF PATERSON, PATERSON POLICE DEPARTMENT, PATERSON OFFICE OF EMERGENCY MANAGEMENT, PATERSON AUXILIARY POLICE, DIRECTOR OF THE PATERSON OFFICE OF EMERGENCY MANAGEMENT GLENN BROWN, PATERSON POLICE DIRECTOR MICHAEL C. WALKER, PATERSON POLICE CHIEF JAMES WITTIG, PATERSON AUXILIARY POLICE OFFICER JUAN MARTINEZ, PATERSON AUXILIARY POLICE OFFICER JONATHAN LOPEZ, ABC CORP. 1-20, AS-YET-IDENTIFIED POLICE OFFICERS 1-20 and JOHN DOE 1-20, (said names being fictitious designations), | |
| Defendant(s) | |

1

## COMPLAINT

**NOW COMES** Plaintiffs, **FRANCINE WARREN and RANDOLPH WADDY, III AS CO-ADMINISTRATORS AD PROSEQUENDUM AND CO-GENERAL ADMINISTRATORS OF THE ESTATE OF RANDOLPH WADDY, IV,** by and through their attorneys **FISHER, BYRIALSEN & KREIZER, PLLC and BRANDON J. BRODERICK, LLC,** and for a cause of action against defendants, both jointly and severally, respectfully states as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of New Jersey, against the City of Paterson, Paterson Police Department ("Paterson PD"), Paterson Office of Emergency Management ("Paterson OEM"), Paterson Auxiliary Police, Director of the Paterson Office of Emergency Management Glenn Brown ("Brown"), Director of the Paterson Police Michael C. Walker ("Walker"), Chief of the Paterson Police James Wittig ("Wittig"), Paterson Auxiliary Police Officer Juan Martinez ("Martinez"), Paterson Auxiliary Police Officer Jonathan Lopez ("Lopez"), ABC CORP. 1-20, As-Yet Identified Police Officers 1-20 and John Doe 1-20. This action is brought against the defendants herein in its/his/her/their official and personal capacities.

2. The City of Paterson acting as a municipal corporation has its principal address at 155 Market Street, Paterson, New Jersey. The Paterson PD has its principal address at 111 Broadway, Paterson, New Jersey. The Paterson OEM has its principal address at 60 Temple Street, Paterson, New Jersey. The Paterson Auxiliary Police have a principal address at 60 Temple Street, Paterson, New Jersey.

2

3.     The individual defendants as officers/employees of the City of Paterson and/or Paterson PD and/or Paterson OEM and/or having been deputized by same, acting under color of state law and pursuant to their authority, violated plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1985, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth and Fourteenth Amendments and other federal law; and by the law and Constitution of the State of New Jersey.

## PARTIES

5.     Plaintiff Francine Warren as Co-Administrator Ad Prosequendum and Co-General Administrator of the Estate of Randolph Waddy, IV, was at all times relevant to this complaint a resident citizen of the Borough of Prospect Park, Passaic County, State of New Jersey. Francine Warren is/was the mother of decedent, Randolph Waddy, IV.

6.     Plaintiff Randolph Waddy, III as Co-Administrator Ad Prosequendum and Co-General Administrator of the Estate of Randolph Waddy, IV, was at all times relevant to this complaint a resident citizen of the Township of Sparta, Sussex County, State of New Jersey. Randolph Waddy, III is/was the father of decedent, Randolph Waddy, IV.

7.     Decedent Randolph Waddy, IV, prior to his death resulting from defendants' actions herein, was at all times relevant to this complaint a resident citizen of the City of Paterson, Passaic County, New Jersey.

8.     The City of Paterson is a municipal corporation and the public employer of all individual defendants, and is a "person" within the meaning of 42 U.S.C. § 1983.

9.     The Paterson PD is an entity within the City of Paterson, duly formed under the laws of the City of Paterson and State of New Jersey.

3

10.     The Paterson OEM is an entity within the City of Paterson, duly formed under the laws of the City of Paterson and State of New Jersey.

11.     The Paterson Auxiliary Police is an entity within the City of Paterson, duly formed under the laws of the City of Paterson and State of New Jersey.

12.     Defendant Brown was at all times relevant to this complaint duly appointed and acting as Director of the Paterson OEM, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the City of Paterson; and at all relevant times, was acting in the course of and within the scope of his employment.

13.     Defendant Walker was at all times relevant to this complaint duly appointed and acting as Director of the Paterson PD, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the City of Paterson; and at all relevant times, was acting in the course of and within the scope of his employment.

14.     Defendant Wittig was at all times relevant to this complaint duly appointed and acting as Chief of the Paterson PD, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the City of Paterson; and at all relevant times, was acting in the course of and within the scope of his employment.

15.     Defendants Martinez, Lopez and as-yet-identified Police Officers 1-20, were at all times relevant to this complaint, duly appointed and acting as auxiliary officers of the Paterson PD, Paterson OEM and/or Paterson Auxiliary Police, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New

4

Jersey and/or the City of Paterson; and at all relevant times, defendants were acting in the course of and within the scope of their employment and/or scope of their assignment/deputization.

## JURISDICTION AND VENUE

16.　　Each and all of the acts of defendants were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of New Jersey, the County of Passaic and the City of Paterson, and under the authority of their office as law enforcement officers and/or representatives for the City of Paterson.

17.　　The incident(s) which give rise to this cause of action occurred within this jurisdiction and within two years of the filing of the Complaint.

18.　　Venue is proper in this venue pursuant to 28 U.S.C. § 1391, as all the defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

19.　　Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)(4) and 42 U.S.C. § 1983. Plaintiff further invokes the pendent and supplemental jurisdiction of the Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

20.　　Plaintiff avers that defendants do not have immunity for violating the civil rights of citizens.

## FACTUAL ALLEGATIONS

21.    On April 17, 2012, during the early evening hours, plaintiffs' decedent, Randolph Waddy, IV, was operating a motorcycle within the limits of the defendant, City of Paterson.

22.    Plaintiffs' decedent was operating said motorcycle lawfully and was not otherwise violating of any of the laws of the state of New Jersey.

23.    Upon information and belief, on or about April 17, 2012 and for a significant period of time prior thereto, defendants City of Paterson, Paterson PD, Paterson OEM, Paterson Auxiliary Police, Brown, Walker and Wittig, had come under intense scrutiny regarding the City of Paterson's Auxiliary Police Program. More specifically, defendants had received numerous complaints regarding the actions and/or behavior of the Paterson Auxiliary Police Officers. These actions included but were not limited to said officers conducting unauthorized motor vehicle stops, making unauthorized and unconstitutional stops, harassing law-abiding citizens and otherwise acting as regular sworn police when they did not have the authority to do so. Defendants took no action against said complaints and otherwise adopted a policy and/or practice that the aforementioned behavior was acceptable.

24.    On April 17, 2012 aforesaid, at approximately 6:00 p.m., plaintiffs' decedent was driving said motorcycle in the City of Paterson in a northerly direction on Jefferson Street at or near its intersection with North 1st Street. Upon reaching said intersection, plaintiffs' decedent came to stop at the Stop Sign on Jefferson Street. He then proceeded to make a right turn onto North 1st Street.

25.    At the same time and place aforesaid, defendants Martinez and Lopez whom were the operator(s) and/or passenger(s) of a motor vehicle owned and/or provided to them by defendants City of Paterson, Paterson PD, Paterson OEM and/or Paterson Auxiliary Police

traveled north at a high rate of speed on Jefferson Street making a right onto North 1st Street without stopping at said Stop Sign. Said motor vehicle's lights and/or sirens were on.

26.     Upon information and belief, despite the fact that plaintiffs' decedent was not violating any laws, defendants Martinez and Lopez were attempting to and/or were making an unauthorized and unconstitutional stop of plaintiffs' decedent; were attempting to and/or were making an unauthorized motor vehicle stop of plaintiffs' decedent; and/or were otherwise chasing and/or harassing plaintiffs' decedent for no reason whatsoever. As defendants Martinez and Lopez were doing so, he/they intentionally and/or negligently caused their vehicle to come into contact with plaintiffs' decedent's motorcycle.

27.     As a result of the aforementioned contact between defendants Martinez and Lopez' vehicle and plaintiffs' decedent's motorcycle, plaintiffs' decedent's motorcycle was propelled into a parked car and plaintiffs' decedent was ejected from same causing him to sustain serious life threatening injuries.

28.     Immediately following said motor vehicle accident, defendants Martinez and Lopez did not stop, they did not render aid to plaintiff's decedent, they did not contact their superiors and they did not call the police. Instead, they sped away from the scene.

29.     Upon information and belief, defendants City of Paterson, Paterson PD, Paterson OEM, Paterson Auxiliary Police, Brown, Walker and/or Wittig were subsequently notified of said motor vehicle accident. Thereafter, Brown, Walker and/or Wittig arrived at the scene; with police, ambulance and fire department vehicles arriving as well. On information and belief, Brown, Walker and/or Wittig, would not permit first responders to render aid to plaintiffs' decedent for a significant period of time although they were ready, willing and able to do so. On information and belief, this was done so that Brown, Walker and/or Wittig could assess the

7

situation and determine how to best present and/or "spin" the situation so as not to bring ridicule on all defendants and criminal charges upon defendants Martinez and Lopez.

30.    First responders were eventually permitted to render aid to plaintiff's decedent, placing him on a flat-board with a cervical collar. He was subsequently transported via ambulance to St. Joseph's Regional Medical Center located in defendant, City of Paterson.

31.    Plaintiff's decedent later died at St. Joseph's Regional Medical Center as a result of the injuries he sustained in said motor vehicle accident.

32.    As a direct and proximate result of said acts of the Defendants, the plaintiffs and plaintiffs' decedent suffered the following injuries and damages:

      a.    Violation of constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the unreasonable search and seizure of his person;

      b.    Violation of rights under state law and the New Jersey State Constitution.

      a.    Loss of physical liberty;

      b.    Wrongful death;

      c.    Survivorship/Pain and suffering leading to death;

      d.    Death;

      e.    Pain and suffering;

      f.    Emotional trauma and suffering;

      g.    Pain and suffering reasonably likely to occur in the future;

      h.    Mental anguish;

      i.    Humiliation and embarrassment;

      j.    Loss of Sleep;

      k.    Medical Expenses;

l.      Economic Loss.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

33.      Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

34.      All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

35.      All of the aforementioned acts deprived plaintiffs and/or their decedent of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

36.      The acts complained of were carried out by the Defendants in their capacities as police officers, officers and/or representatives of defendant City of Paterson, with the entire actual and/or apparent authority attendant thereto.

37.      The acts complained of were carried out by the Defendants in their capacities as police officers, officers and/or representatives of defendant City of Paterson, pursuant to the customs, usages, practices, procedures, and rules of the City of Paterson, Paterson PD, Paterson OEM and/or Paterson Auxiliary Police, all under the supervision of ranking officers and/or officials of said departments.

38.      Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

39.      By these actions, these Defendants have deprived Plaintiffs and/or their decedent of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

9

Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

**WHEREFORE,** the plaintiffs, request this Court:

a.  Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

b.  Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.  Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d.  Award such other and further relief as this court may deem just and proper.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO DEPRIVE OF FEDERAL CIVIL RIGHTS

40.  Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41.  Defendants engaged in a joint venture, conspired together, and had an agreement, to act in concert to commit the unlawful acts described herein for purpose of inflicting a constitutional injury and/or wrong against plaintiffs and/or their decedent and did in fact commit an overt act proximately causing plaintiffs and/or their decedent to suffer damages.

42.    Specifically, defendants agreed to directly commit the constitutional injuries discussed herein sharing conspiratorial objectives to deprive plaintiffs and/or their decedent of his/her/their constitutional rights.

43.    As a result of the defendants' conspiracy, plaintiffs suffered damages as aforesaid.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the second count of this complaint as follows:

    a.    Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

    c.    Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

    c.    Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

    d.    Award such other and further relief as this court may deem just and proper.

### THIRD CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

44.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

11

45.     The foregoing acts of defendants were carried out by the Defendants in their capacities as police officers and/or officials, with the entire actual and/or apparent authority attendant thereto.

46.     The acts complained of were carried out by the Defendants in their capacities as police officers and/or officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of Paterson, Paterson PD, Paterson OEM, Paterson Auxiliary Police, all under the supervision of ranking officers and/or officials of said departments.

47.     The customs, policies, usages, practices, procedures, and rules of City of Paterson, Paterson PD, Paterson OEM, Paterson Auxiliary Police included, but were not limited to allowing Paterson Auxiliary Police Officers to: conduct unauthorized motor vehicle stops, make unauthorized and unconstitutional stops, harass law-abiding citizens and otherwise act as regular sworn police when they did not have the authority to do so.

48.     The foregoing customs, policies, usages, practices, procedures, and rule of City of Paterson, Paterson PD, Paterson OEM, Paterson Auxiliary Police constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiffs and/or their decedent.

49.     The foregoing customs, policies, usages, practices, procedures, and rule of the City of Paterson, Paterson PD, Paterson OEM, Paterson Auxiliary Police were the proximate cause of the constitutional violations suffered by plaintiffs and/or their decedent as alleged herein.

50.     The foregoing customs, policies, usages, practices, procedures, and rule of the City of Paterson, Paterson PD, Paterson OEM, Paterson Auxiliary Police were the moving force behind the constitutional violations suffered by plaintiffs and/or their decedent as alleged herein.

51.     Defendants, collectively and individually, while acting under color of state law,

12

were directly and actively involved in violating the constitutional rights of plaintiffs and/or their decedent.

52.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and/or auxiliary police officers and were directly responsible for the violation of plaintiffs and/or their decedent's constitutional rights.

53.     Defendant City of Paterson, as municipal policymaker in the training and supervision of defendants police officers and/or officials, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New Jersey.

54.     All of the foregoing acts by Defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

        a.     Not to be deprived of liberty without due process of law;

        b.     To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

        c.     To be protected against violations of his civil and constitutional rights;

        d.     Not to have cruel and unusual punishment imposed upon him; and

        e.     To receive equal protection under the law.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the third count of this complaint as follows:

13

a.   Award compensatory damages to plaintiffs against the defendants

including but not limited to damages for wrongful death pursuant to

N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the

amount of $30 million, jointly and severally;

d.   Award punitive damages in such an amount as the jury may determine is

sufficient to punish the defendants for and deter others from committing

the constitutional violations alleged herein.

c.   Award reasonable attorney's fees, costs and expenses to plaintiff pursuant

to 42 U.S.C. § 1988 and other federal and state laws; and

d.   Award such other and further relief as this court may deem just and

proper.

## FOURTH CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS UNDER N.J.S.A. 10:6-2

55.   Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56.   The above acts constitute violations of both federal and state constitutional rights and rights secured by the law of the State of New Jersey and N.J.S.A. 10:6-2.

57.   All defendants, at the time of the subject incident, were acting under the color of law.

**WHEREFORE,** Plaintiffs demand judgment against the defendants named herein jointly and severally, on the fourth count of this complaint as follows:

a.   Award compensatory damages to plaintiffs against the defendants including

but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1

14

and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

b.  Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.  Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d.  Award such other and further relief as this court may deem just and proper.

## FIFTH CLAIM FOR RELIEF:
## FAILURE TO INVESTIGATE

58.     Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59.     All of the acts of Defendants, their agents, servants, and employees constituted a complete failure to investigate when the Defendants disregarded evidence that would have conclusively established that defendant Martinez and Lopez's vehicle made contact with plaintiffs' decedent's motorcycle causing the subject accident and leading to this death.

60.     In the absence of any exigent circumstances, and where such evidence existed , the Defendants complete failure to investigate fell far short of a thorough investigation where the law enforcement officers and/or officials would not have been unduly hampered if they had attempted to obtain more facts surrounding the subject incident.

61.     As a result of the foregoing, plaintiffs and/or their decedent was deprived of liberty, endured great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the fifth count of this complaint as follows:

    a. Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

    b. Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

    c. Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

    d. Award such other and further relief as this court may deem just and proper.

### SIXTH CLAIM FOR RELIEF:
### AUTOMOBILE NEGLIGENCE

62.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

63.    The defendants, Martinez and/or Lopez, did operate the vehicle owned and/or provided to them by defendants City of Paterson, Paterson PD, Paterson OEM and/or Paterson Auxiliary Police in such a careless, reckless and/or negligent manner and in violation of the Motor Vehicle and Traffic Acts of the State of New Jersey, so as to cause the same to collide with great force with the plaintiffs' decedent's vehicle.

64.     As a direct and proximate result of the aforesaid carelessness, recklessness and/or negligence of the defendants, plaintiffs' decedent was violently tossed about and sustained serious bodily injuries resulting in:

      a.     Death; and/or

      b.     Disfigurement; and/or

      c.     Significant disfigurement or significant scarring; and/or

      d.     A fracture; and/or

      e.     Loss of fetus; and/or

      f.     A permanent injury, within a reasonable degree of medical probability, other than scarring or disfigurement.

65.     As a direct and proximate result of the aforesaid carelessness, recklessness and/or negligence of the defendant, plaintiffs' decedent was injured, has incurred and in the future will incur expenses for the treatment of his injuries, has been disabled and in the future will be disabled and unable to perform his usual functions, has been caused and in the future will be caused great pain and suffering, to his great loss and damage.

66.     As a result of the defendant(s)' carelessness, recklessness and/or negligence, plaintiff's decedent was prevented from attending to his usual duties, daily affairs and occupation whereby he sustained loss of income.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the sixth count of this complaint as follows:

      a.     Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

c.    Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.    Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d.    Award such other and further relief as this court may deem just and proper.

## SEVENTH CLAIM FOR RELIEF:
### NEGLIGENCE

67.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

68.    Defendants failed to use that degree of care that reasonably prudent officers, employees and/or officials would have used under the same circumstances when they failed to do acts that reasonably prudent officers, employees and/or officials would have done under the same circumstances.

69.    Defendants breached their duty of ordinary care to plaintiffs and/or their decedent by failing to exercise ordinary care to follow proper procedures.

70.    As a direct and proximate result of the carelessness, recklessness and/or negligence of the defendants, plaintiffs and/or their decedent sustained serious injuries.

71.    All of the aforementioned acts of the defendants constituted negligence under the law of the State of New Jersey and the defendants are liable for said damage.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the seventh count of this complaint as follows:

18

a.  Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

e.  Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.  Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d.  Award such other and further relief as this court may deem just and proper.

## EIGHTH CLAIM FOR RELIEF:
## GROSS NEGLIGENCE OR WILLFUL MISCONDUCT

72.  Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

73.  Defendants were grossly negligent when they failed to use even slight care and acted with conduct that was so careless as to show complete disregard for the rights and safety of others when they failed to follow proper procedures, failed to properly investigate the Auxiliary Police Program, caused the subject motor vehicle accident, failed to properly investigate the subject motor vehicle accident and prevented first responders from taking immediate care of plaintiff's decedent.

74.  Defendants acted with willful misconduct when they acted intentionally and/or failed to act knowing that their actions would probably result in injury or damage.

75.     Defendants acted with willful misconduct when they acted in so reckless a manner and/or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions and inactions.

76.     All of the aforementioned acts of the defendants constituted gross negligence or willful misconduct under the law of the State of New Jersey and the Defendants are liable for said damage.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the eighth count of this complaint as follows:

a.      Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

f.      Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.      Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d.      Award such other and further relief as this court may deem just and proper.

## NINTH CLAIM FOR RELIEF:
## WRONGFUL DEATH

77.     Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

78.     The foregoing wrongful and/or negligent actions of defendants caused the death of plaintiffs' decedent Randolph Waddy, IV.

79.     If Randolph Waddy, IV had not died as a result of the foregoing wrongful and/or negligent actions of defendants, he would have been entitled to maintain an action for damages resulting from the injuries sustained in the subject incident/accident against defendants as the liable parties herein.

80.     Defendants are therefore liable to the plaintiffs representing the Estate of Randolph Waddy, IV for monetary contributions the decedent reasonably might have been expected to make; and to the persons entitled to any intestate personal property of the decedent including but not limited to:

        a.     loss of household services;

        b.     loss of financial support;

        c.     loss of companionship;

        d.     loss of guidance;

        e.     loss of inheritance; and

        f.     hospital, medical and funeral expenses incurred for the deceased.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the ninth count of this complaint as follows:

        a.     Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

21

g.    Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c.    Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d.    Award such other and further relief as this court may deem just and proper.

## TENTH CLAIM FOR RELIEF:
## SURVIVORSHIP

81.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

82.    The foregoing wrongful and/or negligent actions of defendants caused the death of plaintiffs' decedent Randolph Waddy, IV.

83.    If Randolph Waddy, IV had not died as a result of the foregoing wrongful and/or negligent actions of defendants, he would have been entitled to maintain an action for damages resulting from the injuries sustained in the subject incident/accident against defendants as the liable parties herein.

84.    Defendants are therefore liable to the plaintiffs representing the Estate of Randolph Waddy, IV for the decedent's pain and suffering between the time of injury and death, loss of earning capacity, out of pocket expenses and loss of enjoyment of life.

**WHEREFORE**, Plaintiffs demand judgment against the defendants named herein jointly and severally, on the tenth count of this complaint as follows:

a.    Award compensatory damages to plaintiffs against the defendants including but not limited to damages for wrongful death pursuant to

22

N.J.S.A. 2A:31-1 and survivorship pursuant to N.J.S.A. 2A:31-5 in the amount of $30 million, jointly and severally;

h. Award punitive damages in such an amount as the jury may determine is sufficient to punish the defendants for and deter others from committing the constitutional violations alleged herein.

c. Award reasonable attorney's fees, costs and expenses to plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d. Award such other and further relief as this court may deem just and proper.

FISHER, BYRIALSEN & KREIZER, PLLC
Attorneys for Plaintiffs

Dated: 3|29|13

By: _____
DAVID P. KREIZER, ESQ.

BRANDON J. BRODERICK, ESQ., LLC
Attorneys for Plaintiffs

Dated: 3|29|13

By: _____
BRANDON J. BRODERICK, ESQ.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as on all issues herein presented.

FISHER, BYRIALSEN & KREIZER, PLLC
Attorneys for Plaintiffs

Dated: 3|29|13

By: _____
DAVID P. KREIZER, ESQ.

23

BRANDON J. BRODERICK, ESQ., LLC
Attorneys for Plaintiffs

Dated: 3/19/13

By: _____
**BRANDON J. BRODERICK, ESQ.**

## DESIGNATION OF TRIAL COUNSEL

Attorneys David P. Kreizer, Esq., of the Law Offices of Fisher, Byrialsen & Kreizer, PLLC and attorney Brandon J. Broderick, Esq. are hereby designated as trial counsel.

FISHER, BYRIALSEN & KREIZER, PLLC
Attorneys for Plaintiffs

Dated: 3/29/13

By: _____
**DAVID P. KREIZER, ESQ.**

BRANDON J. BRODERICK, ESQ., LLC
Attorneys for Plaintiffs

Dated: 3/29/13

By: _____
**BRANDON J. BRODERICK, ESQ.**

## CERTIFICATION

I hereby certify that the matter in controversy is also the subject of two criminal matters entitled People of the State of New Jersey v. Juan Martinez and People of the State of New Jersey v. Jonathan Lopez, both presently pending in Passaic County Superior Court.

I further certify that there is/are no other parties who should be joined in the within action.

FISHER, BYRIALSEN & KREIZER, PLLC
Attorneys for Plaintiffs

24

Dated: 3/29/13

By: _____
    DAVID P. KREIZER, ESQ.

BRANDON J. BRODERICK, ESQ., LLC
Attorneys for Plaintiffs

Dated: 8/29/13

By: _____
    BRANDON J. BRODERICK, ESQ.

25